1  GILL SPERLEIN (172887)
2  THE LAW OFFICE OF GILL SPERLEIN
   584 Castro Street, Suite 849
3  San Francisco, California 94114
   Telephone: (415)378-2625
4  legal@titanmedia.com

5  Attorney for Plaintiff
6  IO GROUP, INC.

7

8                  UNITED STATES DISTRICT COURT
9                NORTHERN DISTRICT OF CALIFORNIA

10

11                        CASE NO. CV 08 1162

12  IO GROUP, INC. d/b/a TITAN MEDIA, a      )  COMPLAINT:
13  California corporation,                   )
                                              )  (1) COPYRIGHT INFRINGEMENT;
14                                            )  (2) CONTRIBUTORY COPYRIGHT
        Plaintiff,                            )      INFRINGEMENT;
15                                            )  (3) VICARIOUS COPYRIGHT
            vs.                               )      INFRINGEMENT;
16                                            )  (4) INDUCEMENT OF COPYRIGHT
                                              )      INFRINGEMENT;
17  MARK LAPERNA, an individual; and          )  (5) FALSE DESIGNATION OF ORIGIN;
18  DOES 1-44, individuals,                   )      and
                                              )  (6) TRADEMARK INFRINGEMENT
19      Defendants.                           )
                                              )      JURY TRIAL DEMANDED
20  _____  )

21

22                          **INTRODUCTION**

23      1.     This is an action by IO GROUP, INC. a California corporation, d/b/a Titan Media

24  ("Titan Media"), to recover damages arising from infringement of Io Group's copyrights in its

25  creative works by Defendants MARK LAPERNA and DOES 1-44, whose names have not yet

26  been determined, and to enjoin defendants from future infringement.  Defendants reproduced,

27

28

                                    -1-

distributed and publicly displayed, through several Internet based piracy networks certain Titan Media-owned photographs and audiovisual works.

## THE PARTIES

2.      Io Group, Inc. is a California corporation doing business as "Titan Media," with its principal place of business located at 69 Converse Street, San Francisco, California 94103.  Titan Media produces, markets, and distributes adult entertainment products, including Internet website content, videos, DVDs, photographs, etc.  Plaintiff operates and maintains a website by and through which its photographic and audiovisual works can be viewed by individuals who pay a monthly subscription fee.

3.      MARK LAPERNA is an individual who resides in Las Vegas, Nevada and operates the bigdickclub piracy network on Ning.com through which he engages in the large scale reproduction, distribution and public display of copyrighted works including works owned by and registered to Plaintiff Io Group, Inc.

4.      The true name of defendant sued herein as DOE 1 is unknown to plaintiff, which sues said defendant by such fictitious name. Defendant DOE 1 uses the pseudonym "tttaylor" and operates the americangay piracy network on Ning.com through which he engages in the large scale reproduction, distribution and public display of copyrighted works including works owned by and registered to Plaintiff Io Group, Inc.  If necessary, plaintiff will seek leave of court to amend this Complaint to state Defendant DOE 1's true name when ascertained.  Plaintiff is informed and believes and based thereon alleges that Defendant DOE 1 should also be subject to the relief requested herein.

5.      The true name of defendant sued herein as DOE 2 is unknown to plaintiff, which sues said defendant by such fictitious name. Defendant DOE 2 uses the pseudonyms "cccinhk"

COMPLAINT

and operates the gaymaleduojoshare piracy network on Ning.com through which he engages in the large scale reproduction, distribution and public display of copyrighted works including works owned by and registered to Plaintiff Io Group, Inc.  If necessary, plaintiff will seek leave of court to amend this Complaint to state Defendant DOE 2's true name when ascertained.  Plaintiff is informed and believes and based thereon alleges that Defendant DOE 2 should also be subject to the relief requested herein.

6.    The true name of defendant sued herein as DOE 3 is unknown to plaintiff, which sues said defendant by such fictitious name.  Defendant DOE 3 uses the pseudonyms "nedned" and operates the jimiphilsnetwork piracy network on Ning.com through which he engages in the large scale reproduction, distribution and public display of copyrighted works including works owned by and registered to Plaintiff Io Group, Inc.  If necessary, plaintiff will seek leave of court to amend this Complaint to state Defendant DOE 3's true name when ascertained.  Plaintiff is informed and believes and based thereon alleges that Defendant DOE 3 should also be subject to the relief requested herein.

7.    The true name of defendant sued herein as DOE 4 is unknown to plaintiff, which sues said defendant by such fictitious name.  Defendant DOE 4 uses the pseudonyms "acamboy" and "terry" and operates the pornoshare piracy network on Ning.com through which he engages in the large scale reproduction, distribution and public display of copyrighted works including works owned by and registered to Plaintiff Io Group, Inc.  If necessary, plaintiff will seek leave of court to amend this Complaint to state Defendant DOE 4's true name when ascertained.  Plaintiff is informed and believes and based thereon alleges that Defendant DOE 4 should also be subject to the relief requested herein.

COMPLAINT

8.    The true name of defendant sued herein as DOE 5 is unknown to plaintiff, which sues said defendant by such fictitious name. Defendant DOE 5 uses the pseudonym "mpbdx2" and operates the mp2guys piracy network on Ning.com through which he engages in the large scale reproduction, distribution and public display of copyrighted works including works owned by and registered to Plaintiff Io Group, Inc.  If necessary, plaintiff will seek leave of court to amend this Complaint to state Defendant DOE 5's true name when ascertained.  Plaintiff is informed and believes and based thereon alleges that Defendant DOE 5 should also be subject to the relief requested herein.

9.    The true name of defendant sued herein as DOE 6 is unknown to plaintiff, which sues said defendant by such fictitious name.  Defendant DOE 6 uses the pseudonyms "cuthung7" and "butch" and operates the erogenouszone piracy network on Ning.com through which he engages in the large scale reproduction, distribution and public display of copyrighted works including works owned by and registered to Plaintiff Io Group, Inc.  If necessary, plaintiff will seek leave of court to amend this Complaint to state Defendant DOE 6's true name when ascertained.  Plaintiff is informed and believes and based thereon alleges that Defendant DOE 6 should also be subject to the relief requested herein.

10.    The true name of defendant sued herein as DOE 7 is unknown to plaintiff, which sues said defendant by such fictitious name.  Defendant DOE 7 uses the pseudonym "fotofyle" and operates the fotofylesfotos piracy network on Ning.com through which he engages in the large scale reproduction, distribution and public display of copyrighted works including works owned by and registered to Plaintiff Io Group, Inc.  If necessary, plaintiff will seek leave of court to amend this Complaint to state Defendant DOE 7's true name when ascertained.  Plaintiff is

-4-

informed and believes and based thereon alleges that Defendant DOE 7 should also be subject to the relief requested herein.

11.     The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as Defendant DOE 8 through Defendant DOE 44, are unknown to plaintiff, which sues said defendants by such fictitious names.  DOES 8 through 44 are various individuals who have reproduced, distributed and/or publicly displayed plaintiff's copyrighted works by and through piracy networks operating on Ning.com.  If necessary, plaintiff will seek leave of court to amend this Complaint to state their true names and capacitates when ascertained.  Plaintiff is informed and believes and based thereon alleges that the Doe Defendants 8 through 44 should also be subject to the relief requested herein.

## JURISDICTION

12.     This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement and related claims pursuant to 17 U.S.C. §§ 101, *et. seq.,* and 28 U.S.C.  §§ 1331 and 1338(a).

13.     The Court has personal jurisdiction over Defendants.  All Defendants solicit, transact, and are doing business within the State of California and have committed unlawful and tortuous acts both within and outside the State of California causing injury in California.  Plaintiff's claims arise out of the conduct that gives rise to personal jurisdiction over Defendants.

## INTRADISTRICT ASSIGNMENT

14.     Since this matter is based in copyright it may be assigned to any of the three divisions of the District Court for the Northern District of California.

## VENUE

15.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a).

## BACKGROUND

16.    Technological advances have made it increasingly possible to transfer large amounts of data, including digital video files, by and through the Internet. As Congress and the courts clarify the law and close legal loopholes in order to hold infringers liable for their actions, would-be infringers develop new and often increasingly complex means of engaging in piracy, hoping that the complexity of their systems will help them avoid detection, identification and prosecution. Defendants' operation represents one of the latest incarnations of on-line digital piracy.

17.    Ning.com operates a web-based platform that allows users to create their own on-line social networks.  Each network creator can program and design the network to fit his or her needs.  Network creators can determine who joins their site and what material is broadcast by and through their network. Creators can also make and enforce their own terms of service.  They may also sell advertising space on their network pages.

18.    Defendant LAPERNA and Defendant Does 1 to 8 are the network creators, operators, and moderators of their respective piracy networks.

## FACTS COMMON TO ALL CLAIMS

19.    Plaintiff has won numerous awards for its high quality work, beginning with an award for Best Gay Video in its first year in existence (1995).  Since then plaintiff has won awards nearly every year including awards for Best Art Direction, Best Videography, Best Packaging, Best DVD Extras, Best Cinematography and Best Editing.  Plaintiff is recognized throughout the industry as one of the highest quality producers of gay erotica.

20.    Each of the audiovisual works at issue in this action is of obvious high production value and is easily discernable as a professional work.  The works were produced using

professional performers, directors, cinematographers, lighting technicians, set designers and editors. Each work was created with professional grade camera, lighting and editing equipment.

21.     Each of the audiovisual works at issue in this action is either registered to plaintiff with the United States Copyright Office or has an application for registration pending.

22.     Each of plaintiff's works is marked with plaintiff's trademark (either TitanMedia, TitanMen, ManPlay or MSR Video), a copyright notice, a warning that unauthorized copying is illegal and will be prosecuted, and a statement as required by 18 U.S.C. §2257 that age verification records for all individuals appearing in the works are maintained at corporate offices in San Francisco, California.

23.     All Defendants knew or should have known that plaintiff's principle place of business is in San Francisco, California and that infringement of its works was likely to cause harm in California.

24.     At various times, during regular inspections of Internet websites, plaintiff's employees discovered and documented a number of Io Group, Inc. copyrighted works being publicly displayed and or distributed by and through piracy networks operated by Defendant LAPERNA and Defendant DOES 1 through 7, including bigdickclub.ning.com, americangay.ning.com, erogenouszone.ning.com, fotofylesfotos.ning.com, gaymaleduojoshare.ning.com, jimiphilsnetwork.ning.com, mp2guys.ning.com, and pornoshare.ning.com.

25.     Plaintiff previously sent notice to Ning.com, the provider of hosting and other services for these networks, requesting that the infringing files be blocked or removed.

26.     Plaintiff also served on Ning.com a subpoena as authorized under 17 U.S.C. §512(h) to obtain information to identify individuals who engaged in the infringing activity.

27.    Defendants, without authorization, copied, distributed and/or publicly displayed at least thirty-six (36) audiovisual works and eighty-one (81) photographs owned by and registered to plaintiff.

### FIRST CAUSE OF ACTION

### COPYRIGHT INFRINGEMENT – 17 U.S.C. §501

### [Against Defendant Mark LaPerna and Doe Defendants 5 through 44]

Plaintiff Titan Media Owns Federally Registered Copyrights of Various Creative Works

28.    Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 27, inclusive.

29.    At all times relevant hereto, plaintiff has been the producer and owner of the photographic and audiovisual works reproduced, distributed and publicly displayed by defendants through various Ning.com based piracy networks, including without limitation bigdickclub.ning.com, americangay.ning.com, erogenouszone.ning.com, fotofylesfotos.ning.com, gaymaleduojoshare.ning.com, jimiphilsnetwork.ning.com, mp2guys.ning.com, and pornoshare.ning.com.

30.    For each of the works at issue in this matter, plaintiff either holds a copyright registration certificate from the United States Copyright Office or has applied for a registration certificate.   A chart listing the titles of each infringed work and the corresponding copyright registration certificate number is attached hereto as Exhibit A.

Defendants Willfully Infringed Plaintiff's Registered Copyrights

31.    Without authorization, Defendant LaPerna, who uses the pseudonyms "Closetjock" and "Marco Briody"  reproduced, distributed and publicly displayed by and through

bigdickclub.ning.com plaintiff's works *First Crush* and *White Trash,* as well as, eleven (11) plaintiff owned photographs.  LaPerna also reproduced, distributed and publicly displayed by and through mp2guys.ning.com plaintiff's work *First Crush* and an additional plaintiff owned photograph.

32.    Without authorization, Defendant DOE 5, who uses the pseudonyms "MPBDX2" and "Bart", reproduced, distributed and publicly displayed by and through mp2guys.ning.com a plaintiff owned and copyright registered photograph.

33.    Without authorization, Defendant DOE 6, who uses the pseudonyms "cuthung7" and "butch", reproduced, distributed and publicly displayed by and through bigdickclub.ning.com plaintiff's works *Heat*, *110 in Tucson,* and *Mensroom*.  DOE 6 also reproduced, distributed and publicly displayed by and through eroginouszone.ning.com plaintiff's works *Heat*, *White Trash*, *Mensroom*, and *Fallen Angel IV*.  DOE 6 also reproduced, distributed and publicly displayed by and through mp2guys.ning.com plaintiff's works *Mensroom* and *White Trash*.

34.    Without authorization, Defendant DOE 7, who uses the pseudonym "fotofyle", reproduced, distributed and publicly displayed by and through erogenouszone.ning.com plaintiff's work *Side Effects* and sixty-six plaintiff owned photographs.

35.    Without authorization, Defendant DOE 8, who uses the pseudonyms "gayvalley" and "DanielGrand", reproduced, distributed and publicly displayed by and through americangay.ning.com plaintiff's work *The Chest*.

36.    Without authorization, Defendant DOE 9, who uses the pseudonyms "Jimmy", "Jimmy14" and "3ndei57d9voqa", reproduced, distributed and publicly displayed by and through americangay.ning.com plaintiff's work *Copshack*.

37.     Without authorization, Defendant DOE 10, who uses the pseudonyms "toby" and "25njqcdtfqu1", reproduced, distributed and publicly displayed by and through americangay.ning.com plaintiff's work *Hitch, 110 in Tucson* and *Gorge.*

38.     Without authorization, Defendant DOE 11, who uses the pseudonyms "Untilzah" and "Christophre W", reproduced, distributed and publicly displayed by and through americangay.ning.com plaintiff's work *First Crush* and two (2) plaintiff owned photographs.

39.     Without authorization, Defendant DOE 12, who uses the pseudonyms "bloodyhell1981" and "Jake", reproduced, distributed and publicly displayed by and through bigdickclub.ning.com plaintiff's work *Side Effects.*

40.     Without authorization, Defendant DOE 13, who uses the pseudonyms "bpt01291958" and "ThunkyZ", reproduced, distributed and publicly displayed by and through bigdickclub.ning.com plaintiff's works *Arcade on Route 9, Closed Set, ManyPlay 22 and Slammer.*

41.     Without authorization, Defendant DOE 14, who uses the pseudonyms "Henry", "Henry46" and Navyjoe", reproduced, distributed and publicly displayed by and through bigdickclub.ning.com plaintiff's work *Tag Team.*

42.     Without authorization, Defendant DOE 15, who uses the pseudonyms "Michael", "Michael25" and cb2oq268a55i", reproduced, distributed and publicly displayed by and through bigdickclub.ning.com plaintiff's work *Heat.*

43.     Without authorization, Defendant DOE 16, who uses the pseudonyms "mickey30044" and Michael Morgan", reproduced, distributed and publicly displayed by and through bigdickclub.ning.com plaintiff's works *Folsom Filth*, *Cirque Noir* and *Side Effects.*  DOE

16 also reproduced, distributed and publicly displayed by and through erogenouszone.ning.com

plaintiff's work *Folsom Filth*.

44.　　Without authorization, Defendant DOE 17, who uses the pseudonyms

"motorgozer", and "TJ", reproduced, distributed and publicly displayed by and through

bigdickclub.ning.com plaintiff's work *White Trash*.

45.　　Without authorization, Defendant DOE 18, who uses the pseudonyms

"MutualJackers" and "Jim", reproduced, distributed and publicly displayed by and through

bigdickclub.ning.com plaintiff's work *Side Effects*.  DOE 18 also reproduced, distributed and

publicly displayed *Side Effects* by and through gaymaleduojoshare.ning.com and

pornoshare.ning.com.

46.　　Without authorization, Defendant DOE 19, who uses the pseudonyms "Pikspiller"

and "Martin Thompson", reproduced, distributed and publicly displayed by and through

bigdickclub.ning.com plaintiff's work *White Trash*.

47.　　Without authorization, Defendant DOE 20, who uses the pseudonyms

"selfsuckmanluv" and "bubc", reproduced, distributed and publicly displayed by and through

bigdickclub.ning.com plaintiff's work *Big Muscle*.

48.　　Without authorization, Defendant DOE 21, who uses the pseudonym "TheAlter",

reproduced, distributed and publicly displayed by and through bigdickclub.ning.com plaintiff's

work *110 in Tucson*.

49.　　Without authorization, Defendant DOE 22, who uses the pseudonym "tolico",

reproduced, distributed and publicly displayed by and through bigdickclub.ning.com plaintiff's

works *Barnstorm*, *Drill* and *Heat*.

50.     Without authorization, Defendant DOE 23, who uses the pseudonyms "Mikel", and "Waderpig" reproduced, distributed and publicly displayed by and through erogenouszone.ning.com plaintiff's work *Fallen Angel*.

51.     Without authorization, Defendant DOE 24, who uses the pseudonyms "musclebbpuppy" and "2g0ahnxolzihv", reproduced, distributed and publicly displayed by and through erogenouszone.ning.com plaintiff's works *Closed Set*, *Homo Erectus*; *Jacked Up*; *Fallen Angel*, *Island Guardian*, and *River Patrol*.

52.     Without authorization, Defendant DOE 25, who uses the pseudonyms "nlhunk" and" chaz", reproduced, distributed and publicly displayed by and through erogenouszone.ning.com plaintiff's work *Packers* and *Tag Team*.

53.     Without authorization, Defendant DOE 26, who uses the pseudonyms "scottsmith", and "Sirscott" reproduced, distributed and publicly displayed by and through erogenouszone.ning.com plaintiff's work *First Crush*.

54.     Without authorization, Defendant DOE 27, who uses the pseudonyms "undercoverbruce" and "Bruce DeRusha", reproduced, distributed and publicly displayed by and through erogenouszone.ning.com plaintiff's works *Stud Farm, Folsom Filth, Closed Set, Mensroom 2, The Best of Mike and Dean,* and *110 in Tucson*.

55.     Without authorization, Defendant DOE 28, who uses the pseudonyms "Druben", and "Druben2" reproduced, distributed and publicly displayed by and through erogenouszone.ning.com plaintiff's works *Deep Water, Cop Shack* and *Hitch*.  DOE 28 reproduced, distributed and publicly displayed by and through jimiphilsnetwork.ning.com plaintiff's works *Gorge*, *Hitch*, *The Best of Mike* and *Dean* and *Heat*.

-12-

56.     Without authorization, Defendant DOE 29, who uses the pseudonyms "Imagemaker" and "1llfqgxxaa07n", reproduced, distributed and publicly displayed by and through gaymaleduojoshare.ning.com plaintiff's work *Joe Gage Sex Files 2*.

57.     Without authorization, Defendant DOE 30, who uses the pseudonyms "tootsiepoo", and "jimjamjumpnjive" reproduced, distributed and publicly displayed by and through bigdickclub.ning.com plaintiff's work *Joe Gage Sex Files 1*.  DOE 30 reproduced, distributed and publicly displayed by and through gaymaleduojoshare.ning.com plaintiff's work *Joe Gage Sex Files 1*.

58.     Without authorization, Defendant DOE 31, who uses the pseudonyms "Troy", and "5rw37j1kt5wb" reproduced, distributed and publicly displayed by and through gaymaleduojoshare.ning.com plaintiff's work *Big Muscle*.

59.     Without authorization, Defendant DOE 32, who uses the pseudonyms "Elliott", and "slenderoni" reproduced, distributed and publicly displayed by and through jimiphilsnetwork.ning.com plaintiff's work *110 in Tucson*.

60.     Without authorization, Defendant DOE 33, who uses the pseudonyms "Grog8TX", and "946qdy35om5b" reproduced, distributed and publicly displayed by and through jimiphilsnetwork.ning.com plaintiff's works *Boner* and *Carny*.

61.     Without authorization, Defendant DOE 34, who uses the pseudonym "Philip55", "1o49okidno9ds" and "LouisP", reproduced, distributed and publicly displayed by and through jimiphilsnetwork.ning.com plaintiff's work *Boner*.

62.     Without authorization, Defendant DOE 35, who uses the pseudonym "remi", "remi59" and "3640dgbacwn5m", reproduced, distributed and publicly displayed by and through jimiphilsnetwork.ning.com plaintiff's work *Mensroom*.

63.     Without authorization, Defendant DOE 36, who uses the pseudonym "Spence", reproduced, distributed and publicly displayed by and through jimiphilsnetwork.ning.com plaintiff's work *Boner*.

64.     Without authorization, Defendant DOE 37, who uses the pseudonyms "boux" and "7l8faneg6w90", reproduced, distributed and publicly displayed by and through mp2guys.ning.com plaintiff's work *Breathless*.

65.     Without authorization, Defendant DOE 38, who uses the pseudonyms "cruisedirector" and "Scott", reproduced, distributed and publicly displayed by and through mp2guys.ning.com plaintiff's work *Copshack*.

66.     Without authorization, Defendant DOE 39, who uses the pseudonym "dennis2society", reproduced, distributed and publicly displayed by and through mp2guys.ning.com plaintiff's work *Barnstorm*.

67.     Without authorization, Defendant DOE 40, who uses the pseudonyms "Joeyorgyguy" and "3fz1h22b40mar", reproduced, distributed and publicly displayed by and through mp2guys.ning.com plaintiff's work *Island Guardian* and one plaintiff owned photograph.

68.     Without authorization, Defendant DOE 41, who uses the pseudonyms "Matthaus", and "Hanne" reproduced, distributed and publicly displayed by and through mp2guys.ning.com plaintiff's works *Boner, Tag Team, Island Guardian* and *River Patrol*.

69.     Without authorization, Defendant DOE 42 who uses the pseudonyms "ruffy" and "2612ehvkmd1zx", reproduced, distributed and publicly displayed by and through mp2guys.ning.com plaintiff's work *Boner*.

-14-

COMPLAINT

70.    Without authorization, Defendant DOE 43, who uses the pseudonym "vincent" and "vincemilan", reproduced, distributed and publicly displayed by and through mp2guys.ning.com plaintiff's work *Island Guardian*.

71.    Without authorization, Defendant DOE 44, who uses the pseudonym "GregoryWilt", reproduced, distributed and publicly displayed by and through americangay.ning.com plaintiff's work *Heat*.

72.    Plaintiff did not authorize defendants' copying, display or distribution of any of these works.

<u>Defendants Willfully Infringed Plaintiff's Registered Copyrights</u>

73.    Defendant LaPerna and Does 5 through 44 infringed the copyrights in plaintiff's creative works by reproducing, distributing and/or publicly displaying the works by and through various piracy networks without proper approval or authorization of plaintiff.

74.    Defendants knew or should have known the infringed works belonged to plaintiff and that they did not have permission to exploit plaintiff's works.

75.    Defendants knew or should have known the works were professional works and likely subject to copyright.

76.    Defendants knew they did not have permission to engage in any of the acts held exclusively by copyright holders.

77.    Defendants knew or should have known their acts constituted copyright infringement.

78.    Defendants' conduct was willful within the meaning of the Copyright Act.

79.    As a result of their wrongful conduct, defendants are liable to plaintiff for copyright infringement pursuant to 17 U.S.C. § 501.  Plaintiff has suffered, and will continue to

-15-

suffer, substantial losses, including but not limited to damage to its business reputation and goodwill.

80.    Plaintiff is entitled to recover damages, which include its losses and any and all profits defendants have made as a result of its wrongful conduct.  17 U.S.C. § 504.  Alternatively, plaintiff is entitled to statutory damages under 17 U.S.C. § 504(c).

81.    In addition, because defendants' infringement was willful, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

82.    Plaintiff is entitled to recover its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

## SECOND CAUSE OF ACTION
## CONTRIBUTORY COPYRIGHT INFRINGEMENT
## [Against Defendant Mark LaPerna and Doe Defendants 1-7]

83.    Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 82, inclusive.

84.    Defendant LaPerna and Doe Defendants 5 through 44 directly infringed plaintiff's copyrighted works by reproducing, distributing and publicly displaying those works by and through various piracy networks on the Ning.com platform.

85.    As the creators and operators of those websites, Defendant LAPERNA and DOE DEFENDANTS 1 through 7, induced, caused and materially contributed to the infringing acts of the direct infringers by encouraging, inducing, allowing and assisting others to reproduce, distribute and display plaintiff's works.

86.    Defendant LAPERNA and DOE DEFENDANTS 1 through 7 had knowledge of the infringing acts relating to plaintiff's copyrighted works.

-16-

87.     The acts and conduct of Defendant LAPERNA and DOE DEFENDANTS 1 through 7, as alleged above in this Complaint constitute contributory copyright infringement.

### THIRD CAUSE OF ACTION

### VICARIOUS COPYRIGHT INFRINGEMENT

### [Against Defendant Mark LaPerna and Doe Defendants 1-7]

88.     Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 87, inclusive.

89.     Defendant LAPERNA and DOE DEFENDANTS 1 through 7 as creators and moderators of the piracy networks by and through which the infringing activity occurred, had the right and ability to control the infringing acts of the individuals who directly infringed plaintiff's works.

90.     Each act of infringement of plaintiff's works served as a draw to the piracy network by and through which the infringement occurred.

91.     Defendant LAPERNA and DOE DEFENDANTS 1 through 7 obtained a direct financial benefit from the infringing activities of the individuals or entities who directly infringed plaintiff's works.

92.     The acts and conduct of Defendant LAPERNA and DOE DEFENDANTS 1 through 7, as alleged above in this Complaint constitute vicarious copyright infringement.

-17-

**FOURTH CAUSE OF ACTION**

**INDUCEMENT OF COPYRIGHT INFRINGEMENT**

**[Against Defendant Mark LaPerna and Doe Defendants 1-7]**

93.     Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 92, inclusive.

94.     Defendant LAPERNA and DOE DEFENDANTS 1 through 7 have designed, distributed, and made available technology and devices with the object and intent of promoting their use to infringe copyrighted materials.  As a direct and proximate result of such inducement, these defendants and the members of their respective piracy networks have infringed plaintiff's copyrighted works by reproducing, distributing and publicly performing such works.

95.     Each infringement by defendants of plaintiff's copyrighted works, including, without limitation, each act of inducing a third party to infringe plaintiff's works, constitutes a separate and distinct act of infringement.

96.     Defendants' acts of infringement and inducement of infringement were willful, in disregard of and with indifference to the rights of plaintiff.

**FIFTH CAUSE OF ACTION**

**TRADEMARK INFRINGEMENT**

**[Against Defendant Mark LaPerna]**

97.     Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 96, inclusive.

98.     Plaintiff is informed and believes and based thereon alleges that Defendant LAPERNA is the Network creator for the piracy network bigdickclub.ning.com.

COMPLAINT

99.     Plaintiff Io Group, Inc. has applied for and registered the mark TitanMen® with the United States Patent and Trademark Office.

100.    Defendant LAPERNA placed on the opening page of the bigdickclub network Io Group's TitanMen® mark and logo.

101.    Defendant LAPERNA provides identical services to the identical market as plaintiff does on its own website, namely, providing gay adult content for viewing.  Defendant LAPERNA competes directly with plaintiff.

102.    Defendant LAPERNA's use of counterfeits of plaintiff's trademark is confusingly similar to plaintiff's trademarks.

103.    Defendant LAPERNA's aforesaid activities constitute trademark infringement under the Lanham Action, including Section 43(a) of plaintiff's trademark rights.

104.    Defendant LAPERNA's use of a counterfeit of plaintiff's trademark in connection with presenting gay adult content is in direct competition with plaintiff's goods and services and is likely to cause confusion, mistake or deception among the relevant trade and public.

105.    Plaintiff is informed and believes and based thereon alleges that Defendant LAPERNA is engaging in this course of action willfully and with full knowledge and awareness of the superior trademark rights of plaintiff, and with the purpose an intent of confusing the relevant trade and public into mistakenly believing that Defendant LAPERNA's services are associated with, affiliated with, or licensed by plaintiff.

106.    Plaintiff has suffered, is suffering, and will continue to suffer, irreparable damage to its reputation, potential goodwill and monies spent towards development and the goodwill accumulated through its trademark unless Defendant LAPERNA is restrained by this Court.

COMPLAINT

107.    Defendant LAPERNA's acts complained of herein are likely to cause confusion, mistake, and deception of the relevant trade and public who are likely to believe that the services provided by Defendant LAPERNA are related to, connected to, or approved by plaintiff when in fact they are not.

## SIXTH CAUSE OF ACTION

### (False Designation of Origin)

108.    Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 107, inclusive.

109.    Defendant LAPERNA's aforesaid activities constitute false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

110.    Defendant LAPERNA's use of plaintiff's trademarks is likely to cause confusion, mistake or deception among the relevant trade and public as to the existence of an affiliation, connection, or association between Defendant LAPERNA and plaintiff as to the origin, sponsorship or approval of the service provided by Defendant LAPERNA.

## JURY DEMAND

111.    Plaintiff hereby demands a jury trial in this case.

## PRAYER

WHEREFORE, Plaintiff Io Group, Inc. respectfully requests judgment as follows:

(1)    That the Court enter a judgment against all defendants that they have:

a.    willfully infringed plaintiff's rights in federally registered copyrights under 17 U.S.C. § 501; and

b.    otherwise injured the business reputation and business of plaintiff by all defendants' acts and conduct set forth in this Complaint.

-20-

(2)    That the Court issue injunctive relief against all defendants, and that all defendants, their agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with them, be enjoined and restrained from copying, posting or making any other infringing use or infringing distribution of audiovisual works, photographs or other materials owned by or registered to plaintiff;

(3)    That the Court issue injunctive relief against Defendant LAPERNA, and that LAPERNA, his agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with him, be enjoined and restrained from using any of plaintiff's registered trademarks in connection with the presentation of adult video content or engaging in any other act likely to, or calculated to, induce the belief that LAPERNA's business is in any way affiliated, connected or associated with plaintiff or plaintiff's business;

(4)    That the Court enter an order of impoundment pursuant to 17 U.S.C. §§ 503 and 509(a) impounding all infringing copies of plaintiff's audiovisual works, photographs or other materials, which are in defendants' possession or under their control;

(5)    That the Court order all defendants to pay plaintiff's general, special, actual and statutory damages as follows: plaintiff's damages and defendants' profits pursuant to 17 U.S.C. § 504(b), or in the alternative, enhanced statutory damages pursuant to 17 U.S.C. § 504(c)(2), for defendants' willful infringement of plaintiff's copyrights; and

COMPLAINT

(6)    That the Court order all defendants to pay plaintiff both the costs of this action and the reasonable attorney's fees incurred by it in prosecuting this action pursuant to 17 U.S.C. § 504; and

(7)    That the Court grant to plaintiff such other and additional relief as is just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues properly triable by a jury in this action.

Dated: 2/28/2008                    Respectfully submitted,


*/s/ Gill Sperlein*

GILL SPERLEIN
Attorney for Plaintiff, IO GROUP, INC.

COMPLAINT

## CERTIFICATION OF INTERESTED PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

Bruce Lahey – majority shareholder of Io Group, Inc.

Brian Ashby – minority shareholder of Io Group, Inc.

Dated: 2/27/2008                    Respectfully submitted,

                                    */s/ Gill Sperlein*

                                    GILL SPERLEIN
                                    Attorney for Defendant IO GROUP, INC.

COMPLAINT

*Io Group, Inc. v. Mark LaPerna and Does 1 - 44*
**Complaint Exhibit A - Schedule of Copyright Registrations**

| Io Group Work Title | Registration # |
| --- | --- |
| *110° in Tucson* | PA 1-290-634 |
| *Arcade on Rt. 9* | PA 1-335-711 |
| *Barnstorm* | Pending |
| *Big Muscle* | PA 1-309-633 |
| *Boner -- Man's Best Friend* | PA 990-715 |
| *Breathless* | PA 1-352-306 |
| *Carny* | PA 1-221-850 |
| *Chest, The* | PA 1-335-938 |
| *Cirque Noir* | PA 1-304-272 |
| *Closed Set: Titan Stage One* | PA 1-323-919 |
| *Cop Shack on 101* | PA 1-352-001 |
| *Deep Water Beach Patrol* | PENDING |
| *Drill* | PA 1-274-563 |
| *Fallen Angel* | PA 871-486 |
| *First Crush* | PA 1-232-826 |
| *Folsom Filth* | PENDING |
| *Gale Force - Mensroom 2* | PA 1-302-642 |
| *Gorge* | PA 1-202-666 |
| *Heat* | PA 1-017-633 |
| *Hitch* | PA 1-344-055 |
| *Homo Erectus* | PA 1-232-269 |
| *Island Guardian* | PA 984-693 |
| *Jacked Up* | PA 1-040-880 |
| *Joe Gage Sex Files 1* | PA 1-232-270 |
| *Joe Gage Sex Files 2* | PA 1-230-106 |
| *ManPlay - 022: Hard Work* | PA 1-300-775 |
| *Mens Room - Bakersfield Station* | PA 1-233-097 |
| *Packers* | PA 1-233-145 |
| *River Patrol* | PA 885-073 |
| *Sea Men - Fallen Angel IV* | PA 1-065-767 |
| *Side Effects* | PA 1-323-678 |
| *Slammer* | PA 1-119-437 |
| *Stud Farm* | PA 1-246-824 |
| *Tag Team* | PA 992-998 |
| *The Best of Dean Coulter & Mike Roberts* | PA 1-001-558 |
| *White Trash* | PA 1-230-104 |
| 3 Easy Pieces - photographs | VA 1-135-356 |
| Boiler - photographs | VA 1-399-763 |
| Breathless - photographs | VA 1-394-705 |
| Chapters - photographs | VA 1-135-422 VA 1-230-865 |
| Desert Train - photographs | VA 1-135-418 |
| Detour - photographs | VA 1-135-353 |
| Drill - photographs | VA 1-289-815 |

*Io Group, Inc. v. Mark LaPerna and Does 1 - 44*

**Complaint Exhibit A - Schedule of Copyright Registrations**

| | |
|---|---|
| Eruption - photographs | VA 1-135-355 |
| Fallen Angel - photographs | VA 1-135-373 |
| Fear - photographs | PENDING |
| Fluid - photographs | VA 1-135-350 |
| | VA 1-230-870 |
| Focal Length - photographs | VA 1-201-825 |
| Folsom Filth - photographs | VA 1-377-242 |
| Folsom Leather  - photographs | VA 1-410-412 |
| Gorge - photographs | VA 1-202-666 |
| H2O  - photographs | VA 1-408-136 |
| Heat - photographs | VA 1-230-866 |
| Horse FA5 - photographs | VA 1-289-698 |
| Is Your Big Brother Home? - photographs | VA 880-003 |
| | VA 1-135-357 |
| Island Guardian - photographs | VA 1-177-221 |
| | VA 1-230-862 |
| Naked Escape - photographs | VA 1-120-882 |
| | VA 1-230-873 |
| Titan Published Images 1995 (River Patrol) | VA 1-121-150 |
| Spy Quest 2 - photographs | VA 1-351-864 |
| Spy Quest 3 - photographs | VA 1-395-367 |
| Swell - photographs | VA 1-201-821 |
| Titan Express - photographs | VA 1-135-423 |
| | VA 1-230-864 |
| Trespass - photographs | VA 1-135-354 |