GILL SPERLEIN (172887)
THE LAW OFFICE OF GILL SPERLEIN
584 Castro Street, Suite 849
San Francisco, California 94114
Telephone: (415) 378-2625
Facsimile: (415) 252-7747
legal@titanmedia.com

Attorney for Plaintiff
IO GROUP, INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IO GROUP, INC. d/b/a TITAN MEDIA, a California corporation,

    Plaintiff,

    vs.

MARK LAPERNA, an individual; and DOES 1-44, individuals,

    Defendants.

) CASE NO.: CV 08 1162
)
) PLAINTIFF'S MISCELLANEOUS
) ADMINISTRATIVE REQUEST PURSUANT
) TO LOCAL RULE 7-11 FOR LEAVE TO
) TAKE DISCOVERY PRIOR TO RULE 26
) CONFERENCE
)

Pursuant to Local Rule 7-11, plaintiff seeks leave to take limited discovery prior to the scheduled Rule 26 conference for the reasons set forth herein, and in the concurrently filed Declarations of Keith Webb and Gill Sperlein in support of this motion. Stipulation for this motion could not be achieved because Mark LaPerna, the one named defendant in this matter, has yet to be served or appear and the remaining defendants have yet to be identified. Sperlein Decl at ¶2.

-1-

Indeed, the reason for which plaintiff seeks leave to take early discovery is so that it may determine the identities of the DOE defendants.

## INTRODUCTION AND FACTUAL BACKGROUND

Io Group, Inc. is a California corporation doing business as "Titan Media," with its principal place of business located at 69 Converse Street, San Francisco, California 94103. Titan Media produces, markets, and distributes adult entertainment products, including Internet website content, videos, DVDs, photographs, etc. Plaintiff operates and maintains a website by and through which its photographic and audiovisual works can be viewed by individuals who pay a monthly subscription fee. Complaint at ¶2.

Defendant DOES 1-44 are individuals whose true names and addresses are unknown to plaintiff. *Id*. at ¶¶ 5-12. Defendant Mark LaPerna and Defendants 1 through 7 operated websites/blogs at various subdomains on the ning.com platform, by and through which LAPERNA and DOE Defendants 6 through 44 distributed unauthorized and infringing copies of plaintiff audiovisual works. *Id. passim*.

As authorized under 17 U.S.C. §512(h), the Clerk of the Court issued (and plaintiff has served) a subpoena on Ning, Inc., the Internet service provider that provides free hosting and other support services for the infringing ning.com blogs/websites. Through the subpoena plaintiff sought to obtain the internet protocol ("ip") addresses and any other identifying information associated with the infringing activity described in the Complaint. *In re Io Group, Inc.*, CV-08-80015-MISC (JSW).

Ning, Inc. has fully responded to the subpoena and has identified to plaintiff the ip addresses associated with each member who infringed plaintiff's copyrights as set forth in the Complaint. The true identity of the infringers may only be obtained by way of further

investigation. Specifically, plaintiff must now subpoena the Internet access providers which control the identified ip addresses in order to determine the identity of the subscribers to whom the Internet access provider assigned the ip addresses. Generally, service providers maintain records as to which of its subscribers were assigned an ip address at any give date and time. Ruoff Decl. at ¶2.

In plaintiff's experience, Internet access providers only maintain subscriber activity logs for a short period of time before destroying the information contained in the logs. *Id*. Because the infringing activity did not occur on equipment that was part of the service providers' systems, a subpoena under 17 U.S.C. §512(h) may not be authorized. *See Recording Indus. Ass'n of Am., Inc. v. Verizon Internet Servs.*, 359 U.S. App. D.C. 85 (D.C. Cir. 2003), *reh'g en banc denied*, 2004 U.S. App. LEXIS 3564 (D.C. Cir., 2004), *cert. denied* 125 S. Ct. 309 (2004). Accordingly, plaintiff requests leave from the Court to serve Rule 45, third-party, subpoenas on the ISPs prior to the Rule 26 Case Management Conference in this matter.

Federal law provides for the relief plaintiff seeks.

## ARGUMENT

**Federal Rules Allow for Early Discovery**

Federal Rules allow for discovery prior to a Rule 26 conference when good cause is shown. *See Semitool, Inc. v. Tokyo Electronic America, Inc.*, 208 F.R.D. 273, 275-76 (N.D. Cal. 2002).

More specifically, courts have recognized that, "[s]ervice of process can pose a special dilemma for plaintiffs in cases like this in which the tortuous activity occurred entirely on-line." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999). Accordingly, courts have developed the following factors to consider when granting motions for expedited discovery

to identify anonymous Internet users: (1) whether the plaintiff can identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court; (2) all previous steps taken by the plaintiff to identify the Doe defendant; and (3) whether the plaintiff's suit could withstand a motion to dismiss. *Id*. at 578-80. Each of these factors resolves in favor of granting plaintiff's requested relief.

First, plaintiff has sufficiently identified individuals who are real persons who can be sued in Federal Court. Plaintiff identified individuals who registered specific user names on the Ning.com system. Complaint at ¶¶5-12 and 33-71. Plaintiff observed and documented infringement of its registered works by the individuals identified by the various specific user names identified in the Complaint. Webb Decl. at ¶ 3. The requested discovery will allow plaintiff to determine the true name and address of the individuals who performed the infringing acts. *Id*. at ¶¶9-12.

Second, there are no other practical measures plaintiff could take to identify the DOE defendants. Plaintiff is aware of no available information that would identify the infringing users, other than information that may be maintained by Ning, Inc. (ip addresses recorded during infringing activity and information provided during user registration) and the individual Internet access providers (the name and address of account holders assigned the ip addresses identified by Ning, Inc.). Due to the nature of on-line transactions, plaintiff has no way of determining defendants' true identities except through third-party subpoenas. Webb Decl. at ¶4; Sperlein Decl. at ¶10.

Third, plaintiff has asserted a *prima facia* claim for copyright infringement in its complaint that can withstand a motion to dismiss. Specifically, plaintiff has alleged that a) it owns and has registered the copyrights in the works at issue and b) the defendants copied, distributed and/or

publicly displayed those copyrighted works without plaintiff's authorization. Complaint at ¶¶29 – 82. These allegations state a claim for copyright infringement. 17 U.S.C. § 106(1)(3). Similarly, plaintiff's claims for contributory copyright infringement (Complaint at ¶¶83-87), vicarious copyright infringement (*Id*. at ¶88-92) and inducement to infringe (*Id*. at ¶93-96) can withstand a motion to dismiss.

When outlining the above factors, the court in *Columbia* noted that in cases where injured parties are likely to find themselves chasing unidentified tortfeasors from Internet service provider (ISP) to ISP, the traditional enforcement of strict compliance with service requirements should be tempered by the need to provide injured parties with a forum in which they may seek redress for grievances. *Columbia*, 185 F.R.D. at 579. An analysis of the factors clearly demonstrates plaintiff's legitimate interest in identifying the name and address of the individuals who infringed upon its copyrighted works.

**Explanation of Specific Requests**

In addition to the three factors discussed above, courts have indicated that a plaintiff requesting early discovery to identify defendants should justify specific requests and explain how such requests "will lead to identifying information about defendant that would make service of process possible. *See Columbia* 185 F.R.D. at 580; *Gillespie v. Civiletti*, 629 F. 2d 637, 642 (9th Cir.1980). Plaintiff provides the following information concerning the specific requests for early discovery.

The infringement at issue in the matter is an example of the latest scheme infringers have developed for distributing infringing works with each other via the Internet. The infringing activity revolves around an Internet community commonly referred to as a social network. An important feature of social networks is that members can leave comments or post audiovisual

works in an interactive format. Webb Decl. at ¶6.  Because they can engage in this activity without providing their true name or address, these social networks are increasingly used for the purpose of distributing pirated intellectual property including photographs and movies.  *Id*. at ¶6

Ning.com is a commercial enterprise that provides free hosting and other support for individuals who wish to create and operate an Internet-based social network. Under this arrangement, the domain name of the social network site consists of Ning's base domain and a subdomain determined by the individual operating the social network. Thus the names of the piracy networks operated by defendants in this matter, bigdickclub.ning.com, americangay.ning.com, erogenouszone.ning.com, fotofylesfotos.ning.com, gaymaleduojoshare.ning.com, jimiphilsnetwork.ning.com, mp2guys and pornoshare.ning.com, consist of Ning's base domain name (ning.com) and the Defendants' network name.  *Id*. at ¶7.

The creators of social networks create them around any number of themes, issues or discussions.  In this matter, LaPerna and Defendants 1-7 who also created social networks on the Ning.com platform, created the networks specifically as locations to trade sexually explicit audiovisual files without regard to copyright.  *Id*. at ¶8.

It is often difficult to identify individuals operating on the Internet because they frequently provide bogus information when registering to participate on a particular social network. This is particularly true when the individual is accessing the site in order to engage in illegal activity such as copyright infringement. On the other hand, when an Internet user subscribes with an Internet service/access provider in order to obtain Internet access, the user by necessity *does* provide accurate information so that the provider can connect service and collect payment.  *Id*. at ¶9.

When an Internet access provider supplies a connection to the Internet, the connection is identified by a series of numbers called an Internet protocol ("ip") address. An ip address can be

analogized to a telephone number. Just as a telephone company provides a telephone number to its customers so does an Internet access provider assign an ip address to each of its subscribers. Just as caller ID allows someone to identify the telephone number from which a telephone call originates, so can a website determine the ip address and thus the location from which Internet activity originates. *Id*. at ¶10.

When a user accesses a website such as one of the piracy networks at issue in this matter, the website generally records the ip address being used to access the site and stores that information on the its server logs. In this case, LaPerna and each of the DOES either created a piracy network or accessed a piracy network in order to display or distribute infringing copies of plaintiff's copyright registered works. *Id*. at ¶11. Plaintiff has already subpoenaed Ning, Inc. to obtain the ip addresses of the infringers and Ning has responded. Sperlein Decl. at ¶4. Plaintiff now must subpoena the service providers who control those ip address in order to obtain the subscriber information for the infringers.

Anyone can perform a simple search on public databases to determine which Internet access provider controls a specific ip address. Ruoff Decl. at ¶12. For example, Ning responded that the ip address recorded for the user "cuthung7" at 2008-02-06 19:28:47.037 was 24.164.23.228. Sperlein Decl. at ¶6. A search of public data bases indicates that Road Runner Cable controls the ip address 24.164.23.228. *Id*. at ¶7. Plaintiff now seeks to subpoena Road Runner Cable to determine the name and address of the subscriber to whom it assigned that ip addresses at the time and date in question.

Plaintiff requests that the Court issue an order allowing plaintiff to serve subpoenas on Internet access providers identified by Ning in its response to plaintiff's DMCA subpoena. An examples of a proposed subpoena is attached hereto as Exhibit A.

Often larger Internet access providers that control blocks of ip addresses will assign smaller blocks of ip addresses to smaller (downstream) access providers, who in turn assign the ip

-7-

addresses to individual subscribers. In such cases, the large access providers will only be able to identify the downstream access provider and a second subpoena will be necessary to identify the individual subscribers. Webb at ¶13. Furthermore, since access providers only retain information for a limited time (*Id.* at ¶2) it is imperative that plaintiff be able to serve subpoenas as soon as possible. Therefore, plaintiff seeks a broad enough order to immediately serve follow up subpoenas where necessary.

Since 47 U.S.C. §551 (The Cable Privacy Act) prohibits cable operators from disclosing personally identifiable information concerning subscribers without the prior written or electronic consent of the subscriber or a court order, and since some of the Internet service providers are also cable operators, plaintiff requests that the Court order clearly state that the Court has contemplated the Cable Privacy Act and that the order specifically complies with the acts requirements. See 47 U.S.C. §551.

## CONCLUSION

For the forgoing reasons, plaintiff respectfully asks that the Court grant plaintiff's request and enter an order substantially in the form of the attached Proposed Order.

Dated: 2/27/2008                          Respectfully submitted,

*/s/ Gill Sperlein*
_____
GILL SPERLEIN
Attorney for Plaintiff IO GROUP, INC.

AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

V.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]

TO:

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
|  |  |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).