GILL SPERLEIN (172887)
THE LAW OFFICE OF GILL SPERLEIN
584 Castro Street, Suite 849
San Francisco, California  94114
Telephone: (415) 378-2625
Facsimile: (415) 252-7747
legal@titanmedia.com

Attorney for Plaintiff
IO GROUP, INC.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IO GROUP, INC. d/b/a TITAN MEDIA, a California corporation,<br><br>  Plaintiff,<br><br>        vs.<br><br>MARK LAPERNA, an individual; and DOES 1-44, individuals,<br><br>  Defendants. | CASE NO.: C-08-1162 (PVT)<br><br>**PLAINTIFF'S MISCELLANEOUS ADMINISTRATIVE REQUEST PURSUANT TO LOCAL RULE 7-11 FOR LEAVE TO FILE AMENDED COMPLAINT AND NOTICE OF VOLUNTARY DISMISSAL** |

Pursuant to Local Rule 7-11, plaintiff seeks leave to file a First Amended Complaint and Notice of Dismissal of certain defendants previously identified as Does.

Plaintiff filed this action on February 27, 2008 concurrently with a request to take early discovery to identify individual defendants named as Does in the Complaint.  The Court granted Plaintiff's request to take early discovery.  Plaintiff identified most of the Does and entered settlement agreements with many of them.  Plaintiff now seeks to dismiss all but two of the

defendants previously identified as Does. Also, Plaintiff seeks to amend its original Complaint. The First Amended Complaint substitutes the names of the two now identified Doe defendants and removes reference to all of the remaining Does who plaintiff seeks to dismiss.

The defendant named in the original Complaint, Mark LaPerna, filed his Answer on a *pro per* basis. Therefore, plaintiff cannot file the Notice of Voluntary Dismissal or the Amended Complaint without the stipulation of the defendant or leave of the Court.

Unfortunately, Defendant LaPerna has refused to meet and confer regarding a discovery plan, selecting an ADR process, or filing a joint case management conference statement. Moreover, he has requested that plaintiff's counsel not contact him. Thus, obtaining his stipulation is not possible.

Plaintiff respectfully requests that the Court grant leave to file the attached Dismissal and First Amended Complaint, so that it can quickly serve the newly named defendants and proceed with litigation. The two documents are attached hereto as Exhibits A and B respectively.

For the forgoing reasons, plaintiff respectfully asks that the Court grant plaintiff's request and enter an order substantially in the form of the attached Proposed Order granting leave to file these documents.

Dated: *May 30, 2008*                          Respectfully submitted,

_____
GILL SPERLEIN
Attorney for Plaintiff IO GROUP, INC.

GILL SPERLEIN (172887)
THE LAW OFFICE OF GILL SPERLEIN
584 Castro Street, Suite 849
San Francisco, California  94114
Telephone: (415)378-2625
legal@titanmedia.com

Attorney for Plaintiff
IO GROUP, INC.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IO GROUP, INC. d/b/a TITAN MEDIA, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MARK LAPERNA, SYLVESTER YOUNG and JOHN SHAFER, individuals,<br><br>Defendants. | CASE NO.: C-08-1162 (PVT)<br><br>**FIRST AMENDED COMPLAINT:**<br><br>**(1) COPYRIGHT INFRINGEMENT;**<br>**(2) CONTRIBUTORY COPYRIGHT INFRINGEMENT;**<br>**(3) VICARIOUS COPYRIGHT INFRINGEMENT;**<br>**(4) INDUCEMENT OF COPYRIGHT INFRINGEMENT;**<br>**(5) FALSE DESIGNATION OF ORIGIN; and**<br>**(6) TRADEMARK INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

**INTRODUCTION**

1.      This is an action by IO GROUP, INC. a California corporation, d/b/a Titan Media ("Titan Media"), to recover damages arising from infringement of Io Group's copyrights in its creative works by Defendants MARK LAPERNA, SYLVESTER YOUNG and JOHN SHAFER and to enjoin defendants from future infringement.  Defendants reproduced, distributed and

publicly displayed, through several Internet based piracy networks certain Titan Media-owned photographs and audiovisual works.

## THE PARTIES

2. Io Group, Inc. is a California corporation doing business as "Titan Media," with its principal place of business located at 69 Converse Street, San Francisco, California 94103. Titan Media produces, markets, and distributes adult entertainment products, including Internet website content, videos, DVDs, photographs, etc. Plaintiff operates and maintains a website by and through which its photographic and audiovisual works can be viewed by individuals who pay a monthly subscription fee.

3. MARK LAPERNA is an individual who resides in Las Vegas, Nevada and operates the bigdickclub piracy network on Ning.com through which he engages in the large scale reproduction, distribution and public display of copyrighted works including works owned by and registered to Plaintiff Io Group, Inc.

4. Defendant is informed and believes and based thereon alleges that SYLVESTER YOUNG is an individual who resides in Alexandria Virginia, uses the pseudonym "tttaylor" and operates the americangay piracy network on Ning.com through which he engages in the large scale reproduction, distribution and public display of copyrighted works including works owned by and registered to Plaintiff Io Group, Inc. Plaintiff is informed and believes and based thereon alleges that SYLVESTER YOUNG should also be subject to the relief requested herein.

5. Plaintiff is informed and believes and based thereon alleges that JOHN SHAFER is an individual who resides in Mishawaka, Indiana, who has reproduced, distributed and/or publicly displayed plaintiff's copyrighted works by and through piracy networks operating on Ning.com.

Plaintiff is informed and believes and based thereon alleges that JOHN SHAFER should also be subject to the relief requested herein.

## JURISDICTION

6. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement and related claims pursuant to 17 U.S.C. §§ 101, *et. seq.,* and 28 U.S.C. §§ 1331 and 1338(a).

7. The Court has personal jurisdiction over Defendants. All Defendants solicit, transact, and are doing business within the State of California and have committed unlawful and tortuous acts both within and outside the State of California causing injury in California. Plaintiff's claims arise out of the conduct that gives rise to personal jurisdiction over Defendants.

## INTRADISTRICT ASSIGNMENT

8. Since this matter is based in copyright it may be assigned to any of the three divisions of the District Court for the Northern District of California.

## VENUE

9. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a).

## BACKGROUND

10. Technological advances have made it increasingly possible to transfer large amounts of data, including digital video files, by and through the Internet. As Congress and the courts clarify the law and close legal loopholes in order to hold infringers liable for their actions, would-be infringers develop new and often increasingly complex means of engaging in piracy, hoping that the complexity of their systems will help them avoid detection, identification and prosecution. Defendants' operation represents one of the latest incarnations of on-line digital piracy.

11. Ning.com operates a web-based platform that allows users to create their own on-line social networks. Each network creator can program and design the network to fit his or her needs. Network creators can determine who joins their site and what material is broadcast by and through their network. Creators can also make and enforce their own terms of service. They may also sell advertising space on their network pages.

12. Defendants LAPERNA and YOUNG are the network creators, operators, and moderators of their respective piracy networks.

## FACTS COMMON TO ALL CLAIMS

13. Plaintiff has won numerous awards for its high quality work, beginning with an award for Best Gay Video in its first year in existence (1995). Since then plaintiff has won awards nearly every year including awards for Best Art Direction, Best Videography, Best Packaging, Best DVD Extras, Best Cinematography and Best Editing. Plaintiff is recognized throughout the industry as one of the highest quality producers of gay erotica.

14. Each of the audiovisual works at issue in this action is of obvious high production value and is easily discernable as a professional work. The works were produced using professional performers, directors, cinematographers, lighting technicians, set designers and editors. Each work was created with professional grade camera, lighting and editing equipment.

15. Each of the audiovisual works at issue in this action is either registered to plaintiff with the United States Copyright Office or has an application for registration pending.

16. Each of plaintiff's works is marked with plaintiff's trademark (either TitanMedia, TitanMen, ManPlay or MSR Video), a copyright notice, a warning that unauthorized copying is illegal and will be prosecuted, and a statement as required by 18 U.S.C. §2257 that age verification

records for all individuals appearing in the works are maintained at corporate offices in San Francisco, California.

17. All Defendants knew or should have known that plaintiff's principle place of business is in San Francisco, California and that infringement of its works was likely to cause harm in California.

18. At various times, during regular inspections of Internet websites, plaintiff's employees discovered and documented a number of Io Group, Inc. copyrighted works being publicly displayed and or distributed by and through piracy networks operated by Defendants LAPERNA and YOUNG, including bigdickclub.ning.com and americangay.ning.com.

19. Plaintiff previously sent notice to Ning.com, the provider of hosting and other services for these networks, requesting that the infringing files be blocked or removed.

20. Plaintiff also served on Ning.com a subpoena as authorized under 17 U.S.C. §512(h) to obtain information to identify individuals who engaged in the infringing activity.

21. Defendants, without authorization, copied, distributed and/or publicly displayed audiovisual works and photographs owned by and registered to plaintiff.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT – 17 U.S.C. §501
## [Against Defendant Mark LaPerna and John Shafer]

Plaintiff Titan Media Owns Federally Registered Copyrights of Various Creative Works

22. Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 21, inclusive.

23. At all times relevant hereto, plaintiff has been the producer and owner of the photographic and audiovisual works reproduced, distributed and publicly displayed by defendants

through various Ning.com based piracy networks, including without limitation bigdickclub.ning.com, americangay.ning.com, and gaymaleduojoshare.ning.com.

24.    For each of the works at issue in this matter, plaintiff either holds a copyright registration certificate from the United States Copyright Office or has applied for a registration certificate.  A chart listing the titles of each infringed work and the corresponding copyright registration certificate number is attached hereto as Exhibit A.

<u>Defendants Willfully Infringed Plaintiff's Registered Copyrights</u>

25.    Plaintiff is informed and believes and based thereon alleges without authorization, Defendant MARK LAPERNA, who uses the pseudonyms "Closetjock" and "Marco Briody" reproduced, distributed and publicly displayed by and through bigdickclub.ning.com plaintiff's works *First Crush* and *White Trash,* as well as, eleven (11) plaintiff owned photographs. LAPERNA also reproduced, distributed and publicly displayed by and through mp2guys.ning.com plaintiff's work *First Crush* and an additional plaintiff owned photograph.

26.    Plaintiff is informed and believes and based thereon alleges that without authorization, Defendant JOHN SHAFER, who uses the pseudonyms "Joeyorgyguy" and "3fz1h22b40mar", reproduced, distributed and publicly displayed by and through mp2guys.ning.com plaintiff's work *Island Guardian* and one plaintiff owned photograph.

27.    Plaintiff did not authorize defendants' copying, display or distribution of any of these works.

<u>Defendants Willfully Infringed Plaintiff's Registered Copyrights</u>

28.    Defendants LaPerna and Shafer infringed the copyrights in plaintiff's creative works by reproducing, distributing and/or publicly displaying the works by and through various piracy networks without proper approval or authorization of plaintiff.

-6-

FIRST AMENDED COMPLAINT
C-08-1192 (PVT)

29. Defendants LaPerna and Shafer knew or should have known the infringed works belonged to plaintiff and that they did not have permission to exploit plaintiff's works.

30. Defendants LaPerna and Shafer knew or should have known the works were professional works and likely subject to copyright.

31. Defendants LaPerna and Shafer knew they did not have permission to engage in any of the acts held exclusively by copyright holders.

32. Defendants LaPerna and Shafer knew or should have known their acts constituted copyright infringement.

33. Defendants LaPerna and Shafer's conduct was willful within the meaning of the Copyright Act.

34. As a result of their wrongful conduct, defendants LaPerna and Shafer are liable to plaintiff for copyright infringement pursuant to 17 U.S.C. § 501. Plaintiff has suffered, and will continue to suffer, substantial losses, including but not limited to damage to its business reputation and goodwill.

35. Plaintiff is entitled to recover damages, which include its losses and any and all profits these defendants have made as a result of its wrongful conduct. 17 U.S.C. § 504. Alternatively, plaintiff is entitled to statutory damages under 17 U.S.C. § 504(c).

36. In addition, because the infringement was willful, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

37. Plaintiff is entitled to recover its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

## SECOND CAUSE OF ACTION

## CONTRIBUTORY COPYRIGHT INFRINGEMENT

### [Against Defendants Mark LaPerna and Sylvester Young]

38. Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 37, inclusive.

39. Defendant John Shaffer, as well as other unnamed individuals, directly infringed plaintiff's copyrighted works by reproducing, distributing and publicly displaying those works by and through various piracy networks on the Ning.com platform.

40. As the creators and operators of those websites, Defendants LaPerna and Young induced, caused and materially contributed to the infringing acts of the direct infringers by encouraging, inducing, allowing and assisting others to reproduce, distribute and display plaintiff's works.

41. Defendants LaPerna and Young had knowledge of the infringing acts relating to plaintiff's copyrighted works.

42. The acts and conduct of Defendants LaPerna and Young, as alleged above in this First Amended Complaint, constitute contributory copyright infringement.

## THIRD CAUSE OF ACTION

## VICARIOUS COPYRIGHT INFRINGEMENT

### [Against Defendants Mark LaPerna and Sylvester Young]

43. Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 42, inclusive.

44. Defendants LaPerna and Young as creators and moderators of the piracy networks by and through which the infringing activity occurred, had the right and ability to control the infringing acts of the individuals who directly infringed plaintiff's works.

45. Each act of infringement of plaintiff's works served as a draw to the piracy network by and through which the infringement occurred.

46. Defendants LaPerna and Young obtained a direct financial benefit from the infringing activities of the individuals or entities who directly infringed plaintiff's works.

47. The acts and conduct of Defendants LaPerna and Young, as alleged above in this First Amended Complaint constitute vicarious copyright infringement.

## FOURTH CAUSE OF ACTION
## INDUCEMENT OF COPYRIGHT INFRINGEMENT
### [Against Defendants Mark LaPerna and Sylvester Young]

48. Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 47, inclusive.

49. Defendants LaPerna and Young have designed, distributed, and made available technology and devices with the object and intent of promoting their use to infringe copyrighted materials. As a direct and proximate result of such inducement, these defendants and the members of their respective piracy networks have infringed plaintiff's copyrighted works by reproducing, distributing and publicly performing such works.

50. Each infringement by Defendants LaPerna and Young of plaintiff's copyrighted works, including, without limitation, each act of inducing a third party to infringe plaintiff's works, constitutes a separate and distinct act of infringement.

51. Defendant LaPerna's and Defendant Young's inducements of infringement were willful, in disregard of and with indifference to the rights of plaintiff.

# FIFTH CAUSE OF ACTION
# TRADEMARK INFRINGEMENT
### [Against Defendant Mark LaPerna]

52.   Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 51, inclusive.

53.   Plaintiff is informed and believes and based thereon alleges that Defendant LAPERNA is the Network creator for the piracy network bigdickclub.ning.com.

54.   Plaintiff Io Group, Inc. has applied for and registered the mark TitanMen® with the United States Patent and Trademark Office.

55.   Defendant LAPERNA placed on the opening page of the bigdickclub network Io Group's TitanMen® mark and logo.

56.   Defendant LAPERNA provides identical services to the identical market as plaintiff does on its own website, namely, providing gay adult content for viewing.  Defendant LAPERNA competes directly with plaintiff.

57.   Defendant LAPERNA's use of counterfeits of plaintiff's trademark is confusingly similar to plaintiff's trademarks.

58.   Defendant LAPERNA's aforesaid activities constitute trademark infringement under the Lanham Action, including Section 43(a) of plaintiff's trademark rights.

59.   Defendant LAPERNA's use of a counterfeit of plaintiff's trademark in connection with presenting gay adult content is in direct competition with plaintiff's goods and services and is likely to cause confusion, mistake or deception among the relevant trade and public.

60.   Plaintiff is informed and believes and based thereon alleges that Defendant LAPERNA is engaging in this course of action willfully and with full knowledge and awareness of the superior trademark rights of plaintiff, and with the purpose an intent of confusing the

relevant trade and public into mistakenly believing that Defendant LAPERNA's services are associated with, affiliated with, or licensed by plaintiff.

61. Plaintiff has suffered, is suffering, and will continue to suffer, irreparable damage to its reputation, potential goodwill and monies spent towards development and the goodwill accumulated through its trademark unless Defendant LAPERNA is restrained by this Court.

62. Defendant LAPERNA's acts complained of herein are likely to cause confusion, mistake, and deception of the relevant trade and public who are likely to believe that the services provided by Defendant LAPERNA are related to, connected to, or approved by plaintiff when in fact they are not.

## SIXTH CAUSE OF ACTION

(False Designation of Origin)

63. Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 62, inclusive.

64. Defendant LAPERNA's aforesaid activities constitute false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

65. Defendant LAPERNA's use of plaintiff's trademarks is likely to cause confusion, mistake or deception among the relevant trade and public as to the existence of an affiliation, connection, or association between Defendant LAPERNA and plaintiff as to the origin, sponsorship or approval of the service provided by Defendant LAPERNA.

## JURY DEMAND

66. Plaintiff hereby demands a jury trial in this case.

## PRAYER

WHEREFORE, Plaintiff Io Group, Inc. respectfully requests judgment as follows:

(1) That the Court enter a judgment against all defendants that they have:

    a. willfully infringed plaintiff's rights in federally registered copyrights under 17 U.S.C. § 501; and

    b. otherwise injured the business reputation and business of plaintiff by all defendants' acts and conduct set forth in this First Amended Complaint.

(2) That the Court issue injunctive relief against all defendants, and that all defendants, their agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with them, be enjoined and restrained from copying, posting or making any other infringing use or infringing distribution of audiovisual works, photographs or other materials owned by or registered to plaintiff;

(3) That the Court issue injunctive relief against Defendant LAPERNA, and that LAPERNA, his agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with him, be enjoined and restrained from using any of plaintiff's registered trademarks in connection with the presentation of adult video content or engaging in any other act likely to, or calculated to, induce the belief that LAPERNA's business is in any way affiliated, connected or associated with plaintiff or plaintiff's business;

(4) That the Court enter an order of impoundment pursuant to 17 U.S.C. §§ 503 and 509(a) impounding all infringing copies of plaintiff's audiovisual works, photographs or other materials, which are in defendants' possession or under their control;

(5) That the Court order all defendants to pay plaintiff's general, special, actual and statutory damages as follows: plaintiff's damages and defendants' profits pursuant to 17 U.S.C. § 504(b), or in the alternative, enhanced statutory damages pursuant to 17 U.S.C. § 504(c)(2), for defendants' willful infringement of plaintiff's copyrights; and

(6) That the Court order all defendants to pay plaintiff both the costs of this action and the reasonable attorney's fees incurred by it in prosecuting this action pursuant to 17 U.S.C. § 504; and

(7) That the Court grant to plaintiff such other and additional relief as is just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues properly triable by a jury in this action.

Dated:                                   Respectfully submitted,


                                         GILL SPERLEIN
                                         Attorney for Plaintiff, IO GROUP, INC.

GILL SPERLEIN (172887)
THE LAW FIRM OF GILL SPERLEIN
584 Castro Street, Suite 849
San Francisco, California 94114
Telephone: (415) 378-2625
Facsimile: (415) 252-7747
legal@titanmedia.com

Attorney for Plaintiff
IO GROUP, INC.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IO GROUP, INC. d/b/a TITAN MEDIA, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MARK LAPERNA, an individual; and DOES 1-44, individuals,<br><br>Defendants. | CASE NO. C 08-1162 (PVT)<br><br>**NOTICE OF VOLUNTARY DISMISSAL WITH PREJUDICE AS TO DOE DEFENDANTS 2 THRU 39 and 41 THRU 44.** |

Plaintiff Io Group, Inc. hereby dismisses Does 2 thru 39 and 41 thru 44 with prejudice.

Dated: _____

_____
GILL SPERLEIN
Attorney for Plaintiff IO GROUP, INC.