**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| IO GROUP, INC., a California corporation, ) | CASE NO: C-08-01162 (PVT) |
| ) | |
|   Plaintiff, ) | **SEPARATE CASE MANAGEMENT** |
|            vs. ) | **STATEMENT AND [PROPOSED] ORDER;** |
| ) | |
| MARK LAPERNA, SYLVESTER ) | **PLAINTIFF'S REQUEST TO APPEAR** |
| YOUNG AND JOHN SHAFER, ) | **TELEPHONICALLY** |
| ) | |
|   Defendants. ) | Date:   June 17, 2008 |
| ) | Time:  2:00 p.m. |
| ) | CtRm: 5, 4th Floor, SJ |
| ) | |
| ) | |

Plaintiff files this separate case management statement as Defendant LaPerna represents himself in this matter, has refused to cooperate with plaintiff regarding case management or ADR and has requested that plaintiff's attorney not contact him.

Plaintiff requests to attend the Case Management Conference telephonically.

**DESCRIPTION OF THE CASE**

**1. A brief description of the events underlying the action:** Plaintiff produces and owns the copyright to various erotic movies under the trade names TitanMedia®, TitanMen® and MSR®. Defendants LaPerna and Young, engaged in secondary infringement of plaintiff's works by creating and operating Internet-based social networks by and through which individuals distributed and publicly displayed plaintiff's copyrighted works. Defendants LaPerna and Shafer committed direct copyright infringement of plaintiff's copyrighted works by uploading those works to the social networks.

Plaintiff also claims trademark infringement as to Defendant LaPerna.

1

Defendant LaPerna claims that his actions did not violate plaintiff's copyrights because the social network was a private group and because an access fee was not charged.

Defendants Young and Shafer have been contacted but not yet served. Generally, they do not yet deny their actions. Shafer denies personal jurisdiction.

**2. The principal factual issues which the parties dispute:** At this stage in the litigation, it is unclear what facts may be in dispute however, parties have identified the following areas of factual dispute:

- Whether Defendants LaPerna and Young review material before they published it by and through the social networks they operate;
- Whether plaintiff owns and has obtained valid copyright registrations for the content in question; and
- Facts and figures relating to damages.

**3. The principal legal issues which the parties dispute:** The ultimate legal issue in dispute is whether or not defendants are liable for copyright infringement. Also:

- Whether Defendants LaPerna and Shafer engaged in direct infringement of plaintiff's works;
- Whether or not Defendants LaPerna and Young are an internet service provider as defined under 17 U.S.C. §512 and thus possibly shielded from liability under the safe harbor provisions of the Digital Millennium Copyright Act (17 U.S.C. §512);
- Whether Defendants LaPerna and Young had the right and ability to control the infringing actions of individuals who submitted the works to the social networks they created and controlled;
- Whether or not Defendants LaPerna and Young obtained a direct financial benefit from the infringing acts of the individuals who submitted plaintiff's works to the social networks;

**4. The other factual issues** *[e.g. service of process, personal jurisdiction, subject matter jurisdiction or venue]* **which remain unresolved for the reason stated below and how the**

**parties propose to resolve those issues:** Defendants Young and Shafer have not yet been served.  Defendant Shafer denies personal jurisdiction. Plaintiff is aware of no other unresolved factual issues.

**5. The parties which have not been served and the reasons:** Defendants Young and Shafer were previously named as Does and have only recently been identified.  The clerk has issued summonses and plaintiff will serve them as soon as possible.

**6. The additional parties which the below-specified parties intend to join and the intended time frame for such joinder:** See above.  Plaintiff does not intend to join any other parties.

**7. The following parties consent to assignment of this case to a United States Magistrate Judge for** *[court or jury]* **trial:**  Plaintiff consents to assignment of this case to a United States Magistrate Judge for trial.

**ALTERNATIVE DISPUTE RESOLUTION**

**8.** *[Please indicate the appropriate response(s).]*

- ❑ **The case was automatically assigned to Nonbinding Arbitration at filing and will be ready for the hearing by** *(date)*_____.

- ❑ **The parties have filed a Stipulation and Proposed Order Selecting an ADR process** *(specify process):*

X  **Plaintiff only filed a Notice of Need for ADR Phone Conference and the phone conference was held on or is scheduled for:** A conference has not yet been scheduled.

- ❑ **The parties have not filed a Stipulation and Proposed Order Selecting an ADR process and the ADR process that the parties jointly request** [or a party separately requests] **is** _____**.**

3

SEPARATE CASE MANAGEMENT STATEMENT
C-08-1162 (PVT)

**9.  Please indicate any other information regarding ADR process or deadline.**

Defendant LaPerna has refused to cooperate in selection of or participation in ADR.

## DISCLOSURES

**10.  The parties certify that they have made the following disclosures** *[list disclosures of persons, documents, damage computations and insurance agreements]*:  Parties have not exchanged initial disclosures.   Defendant LaPerna, who represents himself, refuses to cooperate with plaintiff's attorney and requested that plaintiff's attorney not contact him.

## DISCOVERY

**11.  The parties agree to the following discovery plan** *[Describe the plan e.g., any limitation on the number, duration or subject matter for various kinds of discovery; discovery from experts; deadlines for completing discovery]*:

See above.

## TRIAL SCHEDULE

**12.  The parties request a trial date as follows:** _____ or the earliest date available thereafter.

Parties have not selected a trial date.

**13.  The parties expect that the trial will last for the following number of days:**

Parties believe trial will last approximately 1 day.

**Dated:** *June 9, 2008*              */s/ Gill Sperlein*

                                        Gill Sperlein
                                        THE LAW OFFICE OF GILL SPERLEIN
                                        Attorney for Plaintiff

4
SEPARATE CASE MANAGEMENT STATEMENT
C-08-1162 (PVT)

## CASE MANDATEMENT ORDER

**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition the Court orders:

*[The Court may wish to make additional orders, such as:*

*a. Referral of the parties to court or private ADR process;*

*b. Schedule a further Case Management Conference;*

*c. Schedule the time and content of supplemental disclosures;*

*d. Specially set motions;*

*e. Impose limitations on disclosure or discovery;*

*f. Set time for disclosure of identity, background and opinions of experts;*

*g. Set deadlines for completing fact and expert discovery;*

*h. Set time for parties to meet and confer regarding pretrial submissions;*

*I. Set deadline for hearing motions directed to the merits of the case;*

*j. Set deadline for submission of pretrial material;*

*k. Set date and time for pretrial conference;*

*l. Set a date and time for trial.]*

Dated: _____  _____
                         **PATRICIA V. TRUMBULL**
                         **UNITED STATES MAGISTRATE JUDGE**

**CERTIFICATE OF SERVICE**

I am over 18 years of age, am employed in the county of San Francisco, at 69 Converse Street, San Francisco, California, 94110 in the office of a member of the Bar of the United States District Court for the Northern District of California.  I am readily familiar with the practice of this office for collection and processing of correspondence for mailing with United States Post Office and correspondence is deposited with United States Post Office that same day in the ordinary course of business. Today I served the attached:

- **SEPARATE CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER AND PLAINTIFF'S REQUEST TO APPEAR TELEPHONICALLY**

by causing a true and correct copy of the above to be placed with the United States Post Office at San Francisco, California in a sealed envelope with postage prepaid, addressed as follows:

> MARK LAPERNA
> 4325 S. BRUCE STREET #92
> LAS VEGAS, NEVADA  89119

And by e-mail to closetjock@aol.com

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on June 9, 2008.


*/s/ Gill Sperlein*

Dated:  *June 9, 2008*   _____

GILL SPERLEIN,
Counsel for Plaintiff Io Group, Inc.

6
SEPARATE CASE MANAGEMENT STATEMENT
C-08-1162 (PVT)