UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IO GROUP, INC. dba TITAN MEDIA, ) | Case No.: C 08-01162 PVT |
| ) | |
| Plaintiff, ) | **ORDER TO SHOW CAUSE** |
| ) | |
| v. ) | |
| ) | |
| MARK LA PERNA, ET AL., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

On February 27, 2008, plaintiff IO Group dba Titan Media filed a complaint against Mark La Perna and 44 John Does alleging claims of copyright infringement, contributory copyright infringement, vicarious copyright infringement, inducement of copyright infringement, false designation of origin and trademark infringement. Specifically, plaintiff alleges that defendants created a network to pirate audiovisual works and photographs from a professional producer of gay erotica. On March 24, 2008, defendant La Perna, proceeding *pro se* and residing in Las Vegas, Nevada, denied all of the allegations set forth in the complaint.[1]

---

[1] In a March 15, 2008 letter, defendant La Perna stated he was indigent and could not afford counsel. He requested further guidance from the court, which deemed his letter to be a request for appointment of counsel. The court denied defendant La Perna's request for appointment of counsel without prejudice to renewed motion on further showing. In sum, the court found that "[a]side from showing financial need, defendant La Perna ha[d] not demonstrated any 'extraordinary circumstances' that would warrant an appointment of counsel here." Order Denying Request for Appointment of Counsel Without Prejudice to Renewed Motion on Further Showing dated March 31, 2008. ("March 31, 2008 Order").

ORDER, *page 1*

On June 17, 2008, plaintiff dismissed its claims against John Does 2 through 39 and 41 through 44. Two of the John Does were identified later as Sylvester Young and John Shafer and named as defendants in an amended complaint filed in the action. On August 19, 2008, the clerk's office entered default as to defendants Sylvester Young and John Shafer. Defendant La Perna is the only remaining defendant in the action.

In the first amended complaint, plaintiff alleges personal jurisdiction on the grounds that "[a]ll defendants solicit, transact, and [] do[] business within the state of California and have committed unlawful and tortuous [*sic.*] acts both within and outside the state of California causing injury in California." Under the pseudonyms "Closetjock" and "Marco Briody," plaintiff alleges that defendant La Perna unlawfully reproduced, distributed and publicly displayed on Ning.com-based piracy networks at least two audiovisual works and eleven photographs on which plaintiff either holds or has applied for a copyright registration certificate. Plaintiff further alleges that "[a]ll defendants knew or should have known that plaintiff's principle [*sic.*] place of business is in San Francisco, California and that infringement of its works was likely to cause harm in California." Therefore, aside from defendant La Perna's operation of piracy networks, which allegedly include audiovisual works and photographs belonging to plaintiff, and are accessible in California, plaintiff alleges no additional contacts by defendant La Perna with California. Plaintiff alleges venue pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a).

In a letter dated October 6, 2008, defendant La Perna details the hardships he is experiencing in defending against the lawsuit in the Northern District of California. First, he resides in section 8 housing in Las Vegas, Nevada and is permanently disabled. Second, his income derives from disability payments and food stamps totaling no more than $800 a month.

California's long-arm statute allows courts to exercise personal jurisdiction over defendants to the extent permitted by the Due Process Clause of the United States Constitution. *See* CAL. CODE CIV. PRO. § 410.10 ("A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States."); *Core-Vent v. Nobel Industries AB*, 11 F.3d 1482, 1484 (9th Cir. 1993). Thus, the court "need only determine whether personal jurisdiction in this case would meet the requirements of due process." *See Brainerd v. Governors of the Univ. of*

1 *Alberta*, 873 F.2d 1257, 1258 (9th Cir. 1989).

2       Due process requires that "in order to subject a defendant to a judgment in personam, if he be
3 not present within the territory of the forum, he have certain minimum contacts with it such that the
4 maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"
5 *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  Under the due process analysis, a
6 state may exercise either general or specific jurisdiction over a defendant.  *See Helicopteros*
7 *Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984).

8       If a defendant's activities within the forum state are "continuous and systematic" or
9 "substantial," the state has a sufficient relationship with the defendant to assert general jurisdiction.
10 *See Perkins v. Benguet Consol. Mining Co.,* 342 U.S. 437, 445, 447 (1952).  If a forum state cannot
11 assert general jurisdiction over the defendant, it may still assert specific jurisdiction based on the
12 quality and nature of the defendant's contacts with the forum state in relation to the cause of action.
13 *See Data Disc, Inc. v. Systems Tech. Assocs., Incs.,* 557 F.2d 1280, 1287 (9th Cir. 1977).

14       Based on the above, plaintiff is ordered to show cause why there is personal jurisdiction over
15 defendant La Perna and why his activities on the piracy networks are "continuous and systematic" or
16 "substantial" within California.  In addition, plaintiff is ordered to show cause why venue is
17 appropriate here.  Plaintiff shall respond in writing to the order to show cause why the case should
18 not be transferred to the United States District Court for the District of Nevada no later than October
19 31, 2008.

20       IT IS SO ORDERED.

21 Dated: *October 20, 2008*

                                              PATRICIA V. TRUMBULL
                                              United States Magistrate Judge

1 | copies mailed on 10/20/2008 to:

2 | Mark LaPerna
3 | 4325 S. Bruce Street, Apt. No. 92
Las Vegas, NV 89119

\_EunHae Park for\_\_\_\_
CORINNE LEW
Courtroom Deputy

**United States District Court**
For the Northern District of California

ORDER, *page 4*