UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IO GROUP, INC. d/b/a TITAN MEDIA, a California corporation,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>MARK LAPERNA, ET AL.,<br><br>　　　　　　Defendant. | Case No.: C 08-1162 PVT<br><br>**ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA** |

　　　Plaintiff Io Group d/b/a Titan Media filed a complaint against Mark La Perna[1] alleging claims of copyright infringement, contributory copyright infringement, vicarious copyright infringement, inducement of copyright infringement, false designation or origin, and trademark infringement. Defendant La Perna, proceeding *pro se* and residing in Las Vegas, Nevada, denied all of the allegations set forth in the complaint.

　　　Alleging personal jurisdiction in its amended complaint, Plaintiff claimed that Defendant La

---

[1] Plaintiff's complaint originally included 44 John Does. On June 17, 2008, Plaintiff dismissed its claims against John Does 2 through 39 and 41 through 44. Two of the John Does, later identified as Sylvester Young and John Shafer, were named as defendants in an amended complaint. On August 19, 2008, the clerk's office entered default as to Defendants Sylvester Young and John Shafer. Defendant La Perna is the only remaining defendant in the action.

ORDER, *page 1*

Perna, under the pseudonyms "Closetjock" and "Marco Briody," unlawfully reproduced, distributed, and publicly displayed copyrighted works belonging to Plaintiff on a social networking site created and operated by Defendant. Plaintiff alleged that "defendant[] solicit[s], transact[s], and [] does business within the state of California and ha[s] committed unlawful and tortuous [*sic*] acts both within and outside the state of California causing injury in California."

On October 20, 2008, the court issued an Order to Show Cause as to why there is personal jurisdiction over Defendant, why his activities on his social networking website are "continuous and systematic" or "substantial" within California, and why venue is appropriate here. Plaintiff responded, claiming that the court has specific jurisdiction and general jurisdiction over Defendant and that venue is proper here.

Having read the response to the Order to Show Cause and considered the arguments,

IT IS HEREBY ORDERED[2] that this court lacks personal jurisdiction over Defendant Mark La Perna; and

IT IS FURTHER ORDERED that the case shall be transferred to the United States District Court for the District of Nevada.[3]

## I.   BACKGROUND[4]

Plaintiff, Io Group, Inc. is a California corporation doing business as TitanMedia, TitanMen, and several other brands. Plaintiff's business consists primarily of producing and selling gay erotica. Defendant, Mark La Perna, created and operates a social networking website, the primary purpose of which is reproduce, store, display, and display gay erotica. Defendant does not charge a set membership fee to join his social networking site; however, he encourages members to send

---

[2] The holding of this Court is limited to the facts and the particular circumstances underlying the present motion.

[3] It is further ordered that the Order to Show Cause, dated October 20, 2008, is dissolved.

[4] Plaintiff has filed an objection to evidence submitted by Defendant in the form of letters submitted to the court because the factual contentions are unsupported by affidavits or declarations. In Plaintiff's response to the court's order to show cause, however, Plaintiff similarly refers to statements made by Defendant in his letter to the court to support its assertion that Defendant purposefully availed himself of jurisdiction in California. To be sure, the background facts and this court's holding have solely relied on the allegations set forth in Plaintiff's First Amended Complaint, dated June 2, 2008.

ORDER, *page 2*

donations.

Plaintiff alleges that Defendant is directly liable for infringement of Plaintiff's works because Defendant provided some of the images and video clips reproduced, distributed, and publicly displayed by and through his website, including some of Plaintiff's works. Plaintiff further alleges that Defendant is responsible for all infringing acts that occur on his website, even if the content was originally provided by other members.

Plaintiff alleges that Defendant uploaded onto his website at least eleven (11) Io Group owned photographs, nine (9) of which were unambiguously labeled with Plaintiff's trademark, TitanMen. Plaintiff states that Defendant placed logos of several gay production companies on the front page of his website. These logos are accompanied by a link to the websites of those companies. TitanMen is included among those links. When clicked, the TitanMen link goes directly to the TitanMen.com home page, which Plaintiff claims clearly displays Plaintiff's San Francisco business address. Plaintiff alleges that Defendant knew or should have known that Plaintiff is a California business because it is common knowledge within the adult industry that California is the epicenter of adult video production and the majority of adult production companies operate from within California.

Plaintiff claims that Defendant contracted with Ning, Inc. to use the web development tools and computer storage space necessary to build and maintain his social network on Ning's servers in California. Plaintiffs allege that Defendant sent electronic copies of at least one thousand, sixty-seven (1,067) photographs, eleven of which belonged to Plaintiff, and one hundred-ten (110) videos, two of which belonged to Plaintiff, to Ning's servers in California in order to make them available to the members of his social network website.

**II.     LEGAL STANDARD**

A federal court may exercise personal jurisdiction over a defendant in the manner provided by state law. *See* FED. RULE CIV. PRO. 4(k)(1)(A). Under California's long-arm statute, federal courts sitting in California may exercise personal jurisdiction over any nonresident to the extent permitted by the Due Process Clause of the United States Constitution. *See* CAL. CODE CIV. PRO. §

410.10 ("A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States."); *Core-Vent v. Nobel Industries AB*, 11 F.3d 1482, 1484 (9th Cir. 1993). Due process requires that the defendant, if not present within the territory of the forum, "have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

A state may exercise either general or specific jurisdiction over a defendant. *See Helicopteros Nacionales de Colombia, S.A.. v. Hall*, 466 U.S. 408, 414-15 (1984). General jurisdiction exists if defendant's activities within the forum state are "substantial" or "continuous and systematic." *See Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 445, 447 (1952). To determine whether general jurisdiction exists, courts look to "whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for the service of process, holds a license, or is incorporated there." *See Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000).

Alternatively, a district court may assert specific jurisdiction over a nonresident defendant where "(1) the nonresident defendant [performs] some act or consummate[s] some transaction with the forum or perform[s] some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or result from the defendant's forum-related activities; and (3) exercise of jurisdiction must be reasonable." *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998).

The purposeful availment requirement is satisfied if the defendant "has taken deliberate action" toward the forum state and has "purposefully directed" his efforts toward forum residents. *Id.* citing *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995); *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002). To demonstrate that the plaintiff's claim arises out of defendant's forum-related activities, the plaintiff must show that the defendant's contacts in the forum state are "sufficiently related to the underlying causes of action" and "have some degree of proximate causation to be considered for purposes of jurisdiction." *Metro-Goldwyn-Mayer Studios Inc. v.*

*Grokster, Ltd.*, 423 F.Supp.2d 1073, 1085 (C.D. Cal. 2003) (citing *Doe v. American Nat'l Red Cross*, 112 F.3d 1048, 1051-52 (9th Cir. 1997)); *see also Bancroft & Masters*, 223 F.3d at 1088. To satisfy the last requirement, "the exercise of personal jurisdiction must be reasonable." *Panavision Int'l, L.P.*, 141 F.3d at 1322.

To defeat jurisdiction, the defendant bears the burden of demonstrating unreasonableness and must present a "compelling case." *Core-Vent*, 11 F.3d at 1487 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-77 (1985)). The court will consider seven factors to address the question of reasonableness: "(1) the extent of a defendant's purposeful interjection; (2) the burden on the defendant in defending in the forum: (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in the convenient and effective relied; and (7) the existence of an alternative forum." *Burger King*, 471 U.S. at 476-77. The court must balance all seven factors; not one factor is dispositive. *Core-Vent*, 11 F.3d at 1488.

When evaluating websites, courts have used a "sliding scale" test to determine whether electronic contacts with a state are sufficient to confer personal jurisdiction over a nonresident defendant. *See ALS Scan, Inc. v. Digital Service Consultants, Inc.*, 293 F.3d 707 (4th Cir. 2002). "The likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet." *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D.Pa. 1997). With respect to interactive websites, where a user can exchange information with the host computer, "the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the website." *ALS Scan, Inc.,* 293 F.3d at 714. In other words, a state may assert jurisdiction over a nonresident defendant "when that person (1) directs electronic activity into the State, (2) with the manifested intent of engaging in business or other interactions within the State, and (3) that activity creates, in a person within the State, a potential cause of action cognizable to the State's courts." *Id*.

### III. DISCUSSION

#### A. GENERAL JURISDICTION

Defendant lacks sufficient contacts with California to confer general jurisdiction on this court. Defendant is domiciled in Nevada. For a court to assert general jurisdiction over a nonresident defendant, the defendant's activities in the state must be "continuous and systematic;" a "more demanding standard than is necessary for establishing specific jurisdiction." *See ALS Scan*, 293 F.3d at 712, 715. In *ALS Scan* the court declined to assert general jurisdiction over a nonresident defendant "who regularly and systematically transmitted electronic signals into the State via the Internet based solely on those transmissions." *Id.* at 715. The court held that "something more would have to be demonstrated." *Id*.

Defendant does not make sales or regularly engage in business in the state, he has not designated an agent in California, he does not pay taxes in the state, he does not hold a license within the state, and is not incorporated in the state. *See Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d at 1086. While Defendant has uploaded files onto Ning's servers located in California, allowed one California business to place advertisements on one of his websites, and provided links on the front page of his website to the websites of other California-based producers, Plaintiff has not alleged sufficient facts to demonstrate that these contacts are either "substantial" or "continuous and systematic." *See id*.

#### B. SPECIFIC JURISDICTION

Plaintiff claims that Defendant has sufficient minimum contacts with California to subject Defendant to specific jurisdiction. When the underlying action is a tort, courts have used the "effects test" to determine whether a defendant has satisfied the "purposeful availment" requirement. Under the "effects test," first set out by the Supreme Court in *Calder v. Jones*, 465 U.S. 783 (1984), personal jurisdiction may be based on: "(1) intentional actions (2) expressly aimed at the forum state (3) causing harm, the brunt of which is suffered - and which the defendant knows is likely to be suffered - in the forum state." *Core-Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482, 1486 (9th Cir. 1993). Courts in this district have applied the same principle in the copyright infringement context.

*See Io Group, Inc. v. Pivotal, Inc.*, 2004 WL 838164 (N.D. Cal.) at *5.

In asserting that Defendant purposefully availed himself of jurisdiction in California, Plaintiff compares the present case to *Panavision Int'l v. Toeppen*, where the court stated that because the defendant's tortious behavior was knowingly aimed at a company whose principal place of business was in California and because the defendant knew his actions were likely to cause harm in California, under the "effects test," the purposeful availment requirement was satisfied. However, Plaintiff's reliance on *Toeppen* is misplaced. In *Toeppen*, the defendant "engaged in a scheme to register [plaintiff's] trademarks as his domain names for the purpose of extorting money from [plaintiff]." *Toeppen*, 121 F.3d at 1327. In that case, the court found that the defendant's conduct was directly aimed at the plaintiff in California because the purpose of the defendant's activities was to extort money from the plaintiff. *See id.* at 1322. In contrast, in the present case, Plaintiff has not produced evidence demonstrating that Defendant knew his actions would cause harm in California or that Defendant's conduct was directly aimed at harming Plaintiff.

Further, in analyzing the purposeful availment requirement in the context of websites, in *Io Group, Inc. v. Pivotal, Inc.*, the court gave great weight to the fact that "defendant's contacts with California via the website were commercial in nature." *See Io Group, Inc. v. Pivotal, Inc.*, 2004 WL 838164 (N.D. Cal.) at *4. With interactive websites, "the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the website." *ALS Scan, Inc.*, 293 F.3d at 714. The *Pivotal* court found personal jurisdiction over two defendants who owned and operated websites that improperly displayed some of Io Group's copyrighted works. *See id.* Based on the "effects test," the court found that defendants intentionally placed Io Group's copyrighted images on one or more of their websites for the purpose of profiting from sales to California residents, thus conferring jurisdiction in California. *See id.* at *6. The court noted that consumers could purchase products directly from defendants' websites and that defendants received ten percent of their total commissions from California-based companies. *See id.* at *4.

Plaintiff here has not demonstrated that Defendant has sufficient commercial contacts with California through his website. Consumers cannot purchase any products through Defendant's

website. Moreover, Plaintiff has not shown evidence that Defendant received any revenue from California residents; there is no evidence that Defendant entered into any commission-based contracts with any California-based corporations, as the defendant did in *Pivotal*. While the Defendant here has allegedly placed Io Group's copyrights images on his website, Plaintiff has not produced any evidence demonstrating that Defendant did so to receive profits from these images. Merely because the servers Defendant used to operate his website were located in California is insufficient grounds to confer jurisdiction.

As the Defendant has not purposefully availed himself of the benefits and protections of this forum, the court need not reach the remaining two requirements necessary to satisfy specific personal jurisdiction.

### IV.    CONCLUSION

As discussed herein, because Defendant's contacts with California are neither "substantial" nor "continuous and systematic," this court lacks general personal jurisdiction over Defendant. Moreover, Plaintiff has failed to demonstrate that Defendant has sufficient minimum contacts with California for this court to assert specific personal jurisdiction over Defendant. Accordingly, this case shall be transferred to the United States District Court for the District of Nevada. The case management conference scheduled for January 27, 2009 is vacated.

Dated:    January 9, 2009

_____
PATRICIA V. TRUMBULL
United States Magistrate Judge

1 | Copy of order mailed on January 6, 2009 to:

2 | Mark LaPerna
4325 S. Bruce Street, Apt. No. 92
3 | Las Vegas, NV 89119

                              _____EHP_____
                              Chambers of U.S. Magistrate Judge
                              Patricia V. Trumbull